FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 22 2003
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**THOMAS N. McLAUGHLIN, by his next friend DELIA McLAUGHLIN; DELIA McLAUGHLIN; and THOMAS W. McLAUGHLIN** — **PLAINTIFFS**

**VS.** **CASE NO. 4:03-CV-00244 GTE**

**BOARD OF EDUCATION OF THE PULASKI COUNTY SPECIAL SCHOOL DISTRICT and SUPERINTENDENT DONALD J. HENDERSON, PRINCIPAL BRENDA ALLEN, ASSISTANT PRINCIPAL SHARON HAWK, LINDA DERDON, JESSICA GEURIN, JOAN BLANN, and JIMMIE BROOKS, in their official and individual capacities** — **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for Preliminary Injunction. The Court previously believed, based upon the telephone conference conducted with counsel on April 10, 2003, that the motion was moot.[1] However, for purposes of completing the record, it directed the Defendants to file a written response to the Motion for Preliminary Injunction. On April 14, 2003, Defendants filed their response in opposition to the Motion for Preliminary Injunction. Defendants' response appears to contradict the position they took during the telephone conference. For that reason, the Court is requiring Defendants to promptly clarify their position.

[1] A copy of the hearing transcript is attached to Plaintiffs' Reply in Support of Motion for Preliminary Injunction.



8

**Background**

On April 8, 2003, Plaintiff Thomas N. McLaughlin, a 9th grade student at Jacksonville Junior High School, and his parents, Delia and Thomas W. McLaughlin, filed this lawsuit. Named as Defendants are the Board of Education of the Pulaski County Special School District, Superintendent Donald J. Henderson, Principal Brenda Allen, Assistant Principal Emanuel McGhee, Assistant Principal Sharon Hawk, Linda Derdon, Jessica Geurin, Joan Blann, and Jimmie Brooks. Ms. Derdon, Ms. Geurin and Ms. Blann are teachers and Ms. Brooks is the school counselor. The Complaint seeks injunctive and monetary relief for alleged violation of Thomas McLaughlin's 1st Amendment right to free speech, for violation of the establishment clause of the 1st Amendment, for violation of the McLaughlins' right to parental autonomy under the 14th Amendment, the equal protection clause of the 14th Amendment, and for a violation of Plaintiffs' constitutionally rooted right to privacy.

The Motion for Preliminary Injunction is much narrower in focus and seeks only to require the Defendants to agree not to prohibit Thomas McLaughlin from engaging in speech which: (a) discloses or concerns the fact that he is gay; or (b) concerns past discipline he has received by school officials, some of which allegedly occurred because of his sexual orientation or his discussion of same.

**April 10th Telephone Conference**

During the telephone conference, counsel agreed with the Court's assessment that *Tinker v. Des Moines Independent Comm. School Dist.*, 393 U.S. 503 (1969) is controlling in evaluating the alleged restrictions on Thomas McLaughlin's speech. The Court further noted, however, that obscene or profane speech could be prohibited and that speech or expression could be limited or

prohibited in the classroom context if such speech substantially disrupts the educational mission of the school or substantially interferes with the rights of others. *Wallace v. Ford*, 346 F.Supp. 156, 165 (E.D. Ark. 1972).

A principal purpose of the telephone conference was to determine whether it would be necessary to conduct a hearing on the request for preliminary injunctive relief. The Court inquired of Defendants as to their position on the issue. The Court noted that it would not be adequate for the Defendants to simply state that they would follow *Tinker*, explaining:

> THE COURT: Well, it seems to me that you've got to take a position that his being open about his being gay and speaking about it and also his prior discipline - - that you've got to take a position, I guess, as to whether or not it does substantially interfere with the educational [objectives] of the school in the context that you are saying. In other words, if you're defending on the ground that we should be permitted to prevent him from discussing it because it is disruptive, then we need the hearing.
>
> MR. BEQUETTE: Well, no, we are not. . . .

(Telephone Conference of April 10, 2003).

Later in the telephone conference, the Court understood Defendants' counsel to agree that under *Tinker* it was permissible for Thomas McLaughlin to "talk about his sexual orientation" and that the Defendants did not intend to discipline or penalize him for such speech. It thus appeared to the Court that the First Amendment issues raised by Plaintiffs were moot and would not require preliminary relief but could wait to be addressed at the trial on the merits.

**<u>Discussion</u>**

Defendants' written response, however, suggests otherwise. Therein, they contend that Plaintiffs' request for a preliminary injunction should be denied. Defendants contend that the District has a Board policy "which respects the rights of students to express opinions and to

support causes without interference from school authorities except when such actions are unlawful or disruptive to the learning process." Defendants further state that the present litigation involves "numerous factual disputes as articulated in the conference call between the parties and the Court."

In fact, Defendants have not articulated any specific factual disputes, either in the prior telephone conference or their written response. Previously, the Court had not pressed Defendants to do so, because whether or not the factual allegations put forward by Plaintiffs in support of the request for preliminary injunctive relief were true or not would not be material if Defendants were agreeing, as the Court believed they were, that between now and a trial on the merits Thomas McLaughlin will not be prohibited from, or punished for, engaging in speech which: (1) discloses that he is gay; or (2) concerns past discipline at the hands of Defendant school officials.

Plaintiffs have articulated specific facts in support of their request for preliminary injunctive relief, in the form of affidavit testimony by Thomas McLaughlin and his mother, Delia McLaughlin. Their affidavit testimony includes the following allegations:

(1) In mid-November 2002, Ms. Blann, McLaughlin's choir teacher, held him after class and asked if he was gay. When McLaughlin said yes, Ms. Blann asked McLaughlin if he knew what the Bible says about homosexuality and offered to give him some scriptures.

(2) A few days after this conversation, or about November 17, 2002, after choir class, Ms. Blann told McLaughlin that she did not want to hear any talk of him being gay, that she found it sickening, and wanted such discussion stopped. She further advised that because of such talk, that she might not take McLaughlin to the All Regions choir competition because it would give the choir a bad name and cause kids to get beat up.

(3) Ms. Blann called Delia McLaughlin to complain that McLaughlin had told some of his friends that he is gay. Ms. Blann also advised Ms. McLaughlin that she didn't want any talk about McLaughlin being gay as it would give a bad name to the boys' choir.

(4) On or about November 18, 2002, during a conversation on the ramp outside of class, Ms. Derdon, McLaughlin's computer teacher, called him "abnormal" and "unnatural" for being gay. When McLaughlin argued with her about this, Ms. Derdon gave him a referral and sent him to Assistant Principal McGhee's office. In Mr. McGhee's office, Mr. McGhee inquired how McLaughlin knew he was gay and preached about his religious views about homosexuality.

(5) Also on or about November 18, 2002, Assistant Principal Sharon Hawk called McLaughlin into her office and advised that it was his openness about his sexual orientation that was to blame for the fact that another boy named Thomas, who she said was mistaken for McLaughlin, was beaten up frequently, and that his openness might also endanger his little brother's safety.

(6) Ms. McLaughlin, after learning about the incident in Mr. McGhee's office, requested a conference. The conference was attended by Thomas McLaughlin and both his parents. During the conference, Ms. McLaughlin presented Mr. McGhee with a copy of *Tinker v. Des Moines* and advised that Thomas had the right to talk about his sexual orientation during non-instructional time.

(7) On or about November 25, 2002, Ms. Derdon called a parent conference to complain about Thomas talking about his sexual orientation in school. Principal Allen and Mr. McGhee participated in the conference and agreed with Ms. Derden that it was "inappropriate" for Thomas to discuss his sexual orientation at school.

(8) On or about February 7, 2003, after Thomas had entered computer class but prior to instruction beginning when the students were still talking amongst themselves, Thomas commented to a friend who had complained about a referral she received in another class for complaining too much that at least she didn't get suspended for something stupid like he did. Ms. Derden wrote Thomas up for this and sent him to Mr. McGhee's office. Mr. McGhee called Thomas' mother and advised that he intended to suspend Thomas for four more days because he was talking with a classmate about the fact that he had been suspended and had been made to read the Bible. Ms. McLaughlin went to the school to meet with Mr. McGhee. While there, Ms. Allen and Ms. Derdon spoke with Thomas and his mother. They said it was a problem that he had talked about the suspension and that it would disturb the other students to hear about suspensions.

It does not appear from the current record that the Plaintiffs are advocating that Thomas or any other student be permitted to discuss obscene or sexually explicit matters. Further, the restrictions on Thomas' speech, as described by Plaintiffs, do not appear to have been imposed as a valid time and place restriction applicable to all student speech, regardless of content. Rather, on Plaintiffs' submissions it appears that Thomas has been singled out, even sought out by his teachers, because of his sexual orientation and the content of his speech. The Court, of course, has only the facts before it stated by the Plaintiffs, because Defendants have not controverted those facts at this time. If the facts are other than as stated by Plaintiffs, then it is incumbent upon Defendants to bring such facts to the Court's attention so that the Court can determine if there is a need for a hearing on the Motion for Preliminary Injunction.

It is not enough for Defendants to recite the Pulaski County Special School District's

policy of respecting "the rights of students to express opinions and to support causes without interference from school authorities except when such actions are unlawful or disruptive to the learning process." The issue at this point is not whether the District has a constitutionally appropriate policy, but whether that policy is being constitutionally applied to Thomas McLaughlin.

If Defendants contend a preliminary injunction is not warranted, they should state why specifically. If Defendants contend that the speech which Thomas here seeks to protect (to wit, disclosure of his sexual orientation and past instances of discipline inflicted upon him by school officials) is not entitled to First Amendment protection under *Tinker*, then they must so state. Finally, if Defendants contend that preliminary injunctive relief is not warranted because the factual allegations set forth by the Plaintiffs are false, they should so state. If Defendants intend to dispute those facts, they can do so with their own affidavit testimony. The Court after considering such counter-affidavits can then decide if a hearing will be required on the pending motion.

Conversely, if the Defendants are willing to make a clear, voluntary commitment that they will not prohibit Thomas McLaughlin from engaging in speech which discloses or concerns his being gay or concerns past discipline he has received, then the Court will consider the motion to be moot. Certainly, such an agreement would not deter Defendants from imposing appropriate content-neutral time and place restrictions on all student speech. It would, however, recognize Thomas McLaughlin's right to speak on the matters in question as long as such speech occurs outside of the classroom or during "non-instructional" class-time, which is defined to be class-time during which instruction is not being given and during which students are allowed to

communicate freely with one another.

IT IS HEREBY ORDERED that Defendants shall respond in writing to this Order not later than **noon** on **Wednesday, April 30, 2003.**[2]

IT IS SO ORDERED this 22nd day of April, 2003.

Garnett Thomas Eisele
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 4-23-03 BY Jay

[2] A copy of this Order is being faxed to counsel today, along with a courtesy call to advise of the Order, so that Defendants will have the entire response period.

jh

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

April 23, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re: 4:03-cv-00244.

True and correct copies of the attached were mailed by the clerk to the following:

Kathy L. Hall, Esq.
Attorney at Law
523 West Third Street
Little Rock, AR 72201-2309

Matthew Coles, Esq.
American Civil Liberties Union Foundation
125 Broad Street
Suite 1800
New York, NY 10004-2400

Leslie Cooper, Esq.
American Civil Liberties Union Foundation
125 Broad Street
Suite 1800
New York, NY 10004-2400

James D. Esseks, Esq.
American Civil Liberties Union Foundation
125 Broad Street
Suite 1800
New York, NY 10004-2400

George Jay Bequette Jr., Esq.
Skokos, Bequette & Billingsley
TCBY Tower
425 West Capitol Avenue
Suite 3200
Little Rock, AR 72201-3469

Keith I. Billingsley, Esq.
Skokos, Bequette & Billingsley
TCBY Tower
425 West Capitol Avenue
Suite 3200

Little Rock, AR 72201-3469

press, post, GTE

James W. McCormack, Clerk

Date: 4/23/03

BY: ____________________